KUNIO FUJII and MARY HARUYO FUJII, Plaintiffs-Appellants, *v.* J. CARL OSBORNE, Trustee in Reorganization for THC Financial Corporation, a Hawaii corporation, WILLIAM V. BRILHANTE and KATHLEEN L. BRILHANTE, husband and wife, and FIRST HAWAIIAN BANK, a Hawaii corporation, Defendants-Appellees, and HOKUULA, INC., a Hawaii corporation, Defendant

NO. 8898

(CIVIL NO. 69007)

AND

J. CARL OSBORNE, Trustee in Reorganization for THC Financial Corporation, a Hawaii corporation, Plaintiff-Appellee, *v.* KUNIO FUJII and MARY HARUYO FUJII, Defendants-Appellants, and HOKUULA, INC., a Hawaii corporation, W. DUDLEY CHILD, JR., MARY LOU CHILD, ROBERT W. SMYTHE, JR., WORLD FINANCE AND MORTGAGE CORPORATION, a Hawaii corporation, FRANK HUFF AGENCY, LTD., a Hawaii corporation, and WALTER H. POKA, Defendants

NO. 9342

(CIVIL NO. 46782)

AUGUST 27, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

These are two appeals which we consolidated since they involve essentially the same parties and the same factual and legal issues.

(1) In No. 8898, the appeal is from a judgment entered pursuant to an order for summary judgment in favor of appellee and against the appellants in Civil No. 69007, an action for foreclosure brought by the appellants, as first mortgagees, against the appellee and others after the sale of the mortgaged property, free and clear of the first mortgage lien, and the entry of the order in Civil No. 46782 distributing the net proceeds of the sale to appellee. (2) In No. 9342, the appeal is from an order denying, as untimely, a motion and an amended motion, brought by appellants, based upon Rule 60(b)(6), HRCP, for relief (i.e. to set aside) from the order in Civil No. 46782 for the distribution to appellee of the net proceeds of the foreclosure sale of property on which appellants held a first mortgage lien and appellee held a second mortgage lien.

This case began as an action by appellee Osborne to foreclose a second mortgage on the property of defendant Hokuula, Inc. Appellants Fujii held a first mortgage on one piece of that property. The foreclosure was granted and, as a result of successive orders, the sale was confirmed, free and clear of appellants' mortgage lien, and the net proceeds ordered distributed to appellee to the exclusion of appellants.

At oral argument, counsel for appellants and for the appellee agreed that the only issue before us was the question of the application of the proceeds of the foreclosure sale, and that the foreclosure sale itself, together with the title derived therefrom, was no longer at issue. As a result of that agreement, we affirm the judgments entered in Civil No. 69007 except as to appellee. As to appellee, we reverse the judgment in Civil No. 69007 and the order appealed from in Civil No. 46782, and remand with instructions.

The judgment and order in question, taken together, had the bizarre, inequitable and unjust result of leaving the appellants, who had an admitted recorded superior first mortgage lien on the property in question, without either their mortgage lien on the property, or any portion of the proceeds from the sale of the property, despite the fact that at no time was a claim ever made against them, alleging that their mortgage had been paid or that for any other reason (other than the entry of a default), the second mortgagee-appellee who received the proceeds of the sale had priority over appellants.

At oral argument, appellants' present counsel stated that he had come into the case on behalf of appellants' former counsel's malpractice carrier because as a result of that former counsel's handling of the case, there had been a settlement of the malpractice claim and an assignment of appellants' claim in these cases to that carrier. Those facts speak for themselves as to a part of what happened while appellants' original counsel was handling those cases. On the other hand, the then counsel for the appellee was at least equally at fault in bringing about the miscarriage of justice which resulted from these cases.[1]

The following is a chronology of the significant events in this matter:

February 4, 1974 — Hokuula, Inc. executes a purchase money mortgage in favor of appellants for the property in question.

March 19, 1974 — Appellants' mortgage is recorded.

April 19, 1974 — Hokuula, Inc. executes a second mortgage in favor of the predecessor-in-interest of the appellee.

November 20, 1975 — Civil No. 46782 is filed. The only allegation with respect to the appellants is that they may claim an interest in the property pursuant to their mortgage.

November 22, 1975 — Service of the complaint is made upon the appellants.

February 24, 1976 — Pursuant to an application and affidavit by appellee's counsel, the clerk of court enters a default against the appellants.

July 12, 1977 — Appellee files a motion for interlocutory decree of foreclosure of the property in question. The motion does not seek to establish appellee's mortgage as prior to appellants' mortgage.

July 16, 1977 — The motion for interlocutory decree of foreclosure is served upon appellants. On the same date, the entry of default is served upon appellants.

July 27, 1977 — Hearing is held on the motion for interlocutory decree of foreclosure. Appellants do not attend.

---

[1] We express no opinion one way or the other as to whether appellee's then counsel was guilty of malpractice.

September 9, 1977 — Findings of fact and conclusions of law and an interlocutory decree of foreclosure pursuant to the mortgage are entered. The question of priority is expressly reserved.

October 24, 1977 — Appellee's attorney by letter sends the findings of fact, conclusions of law and interlocutory decree to the appellants' then attorney and advises them of the sale date.

October 31, 1977 — The property in question is sold at public auction. Appellants attend and bid $55,000 and $56,000 but are unsuccessful bidders. The record does not indicate whether appellee bid. The high bid is $71,200 as against an appraised value of $97,500.

April 27, 1978 — Appellee files a motion for order confirming or rejecting sale, accompanied by an affidavit of counsel and a title report showing appellants' mortgage with the date and recording data with respect thereto. The motion does not request an adjudication that appellee's interest is superior to that of appellants'.

May 2, 1978 — The motion for order confirming or rejecting foreclosure sale is served upon appellants.

May 4, 1978 — Appellants' attorney by letter notifies appellee's attorney that the outstanding balance claimed under the first mortgage is $66,533.23.

May 8, 1978 — Appellee's then attorney by letter informs appellants' then attorney: "If you wish us to consider a Stipulation to set aside the default and to stipulate to the amount of principal and interest due on the first mortgage, then you will need to provide me with an amortization schedule showing payments required, and dates and amounts of payments. I cannot merely accept your letter of May 4th as 'proof.'"

May 8, 1978 — Hearing on the motion to confirm or reject is held. Appellants do not appear. From the transcript, it appears that the court assumed that appellants were entitled to priority. The matter is continued for two weeks.

May 19, 1978 — The continued motion to confirm is heard. Appellants do not appear. The judge agrees to confirm the sale and defer the question of priorities with respect to the proceeds.

July 24, 1978 — Additional findings of fact and conclusions of law and an order are entered by the court. Appellants and

appellee are "forever barred" from asserting any "right, title or interest" in the mortgaged property. Jurisdiction re the priority issue was reserved.

July 11, 1979 — Appellee files a motion for determination of priorities, together with a memorandum in support thereof. In the memorandum *for the first time,* appellee claims priority over appellants by reason of the default. The motion and memorandum are accompanied by a notice of motion reciting service on appellants' attorney.

July 19, 1979 — Appellants are personally served with the motion and memorandum.

July 26, 1979 — Hearing is held on the motion to determine priorities. In the course of that hearing, the court indicates to then counsel for appellants that they have no right to the monies because the property has been sold subject to appellants' first mortgage lien, despite the fact that the additional findings of fact and order of July 25, 1978 purported to extinguish appellants' lien. *Neither counsel at the hearing calls this inconsistency to the attention of the court.* (From the affidavits filed in support and in opposition to appellants' motion for relief under Rule 60(b)(6), HRCP, in Civil No. 46782, it appears that there was a chambers conference between then counsel for the appellee, then counsel for the appellants and the court. There is a conflict in the affidavits as to what was said at that conference and no transcript is available with respect thereto. Appellants' then counsel recited his version of that conference to the court at the hearing on the motion for summary judgment in Civil No. 69007.)

October 2, 1979 — Court in Civil No. 46782 enters an order distributing proceeds. That order recites ". . . the Court having considered Plaintiff's priority over defaulting Defendants to proceeds of foreclosure sale, . . . and it appearing that according to Section 667-3 [HRS], Defendants FUJII may not be forced to their right of recovery against the proceeds; . . ." It orders the proceeds paid to appellee and concludes: "BE IT CLARIFIED, HOWEVER, that this Order shall issue without prejudice to the interests of Defendants KUNIO FUJII and MARY HARUYO FUJII."

January 21, 1981 — Appellants file Civil No. 69007, reciting

the fact of the order of October 2, 1979 in Civil No. 46782 with respect to the final conclusion quoted above and praying for a foreclosure on the property.

January 21, 1982 — Defendant First Hawaiian Bank files a motion for summary judgment in Civil No. 69007.

January 29, 1982 — Appellee joins the motion for summary judgment.

February 10, 1982 — A hearing on the motion for summary judgment is held and the court orally grants the motion.

March 29, 1982 — A judgment in favor of appellee is entered.

April 8, 1982 — Appellants move for reconsideration.

May 11, 1982 — The motion for reconsideration is heard and orally denied.

June 2, 1982 — An order denying the motion to reconsider is entered.

July 2, 1982 — Notice of appeal in Civil No. 69007 is filed.

September 24, 1982 — Appellants, by new counsel, move in Civil No. 46782 for a determination of priority to funds pursuant to Rule 67, HRCP.

September 28, 1982 — Appellee files a memorandum in opposition to the September 24 motion.

November 24, 1982 — Appellants in Civil No. 46782 file a motion for relief from "the Order Approving Commissioner's Report, Confirming Commissioner's Sale of Real Property at Public Auction, and Directing Distribution of Proceeds filed on July 25, 1978, and for reformation of the Commissioner's Deed". The motion purports to be made pursuant to Rules 67 and 60(b)(6), HRCP.

December 6, 1982 — A hearing on the motion for determination of priorities and amended motion for relief from order is held and orally denied.

March 22, 1983 — An order denying motion for determination of priorities and amended motion for relief from order, on the ground of timeliness, is entered.

April 8, 1983 — A notice of appeal from the order denying relief is filed in Civil No. 46782.

Whether summary judgment in favor of appellee was properly granted in Civil No. 69007 turns upon whether the order deter-

mining proceeds, entered in Civil No. 46782 on October 2, 1979, is *res judicata* with respect to any claim on the proceeds from the foreclosure sale which the appellants may have against the appellee.

That order, as we have noted, orders distribution of the proceeds of sale to the appellee but goes on to state: "BE IT CLARIFIED, HOWEVER, that this Order shall issue without prejudice to the interests of Defendants KUNIO FUJII and MARY HARUYO FUJII." Appellee contends the sentence just quoted only allowed appellants to sue the mortgagor. Appellants contend it preserved all their rights. The order obviously was ambiguous and required construction.

Appellee did not request the court in Civil No. 69007 to take judicial notice of the pleadings, findings of fact and conclusions of law, and orders in Civil No. 46782, as it could have, pursuant to Rule 201, HRE. *See Lalakea v. Baker,* 43 Haw. 321 (1959); *McAulton v. Smart,* 54 Haw. 488, 510 P.2d 93 (1973). If the court below had exercised its discretion to judicially notice those documents under Rule 201(b), HRE, it would have been required to give the parties some indication of that action, so that they could exercise their right to be heard on the judicial notice matter under Rule 201(e), HRE.[2]

Moreover, appellee did not, pursuant to Rule 56, HRCP, seek to place before the court, in Civil No. 69007, by affidavit or otherwise, the record and files, or any other facts, with respect to what had happened in Civil No. 46782, in support of its motion for summary judgment.

Construction of legal documents such as contracts, deeds or, in this case, a court order entered in a different case, is a matter of law, but, where such a document is ambiguous, resort can, and, in this case, necessarily must, be had to facts, such as the record, including transcripts, etc. in the case in which the ambiguous order is entered, (if, as here, such matters exist) which may be material in aiding the court in its interpretation of the document.

The record before the court in Civil No. 69007, was insufficient

---

[2] Even taking those documents into consideration however, the order appealed from remains ambiguous.

to establish that there was no genuine issue as to the existence of any material fact, which the court needed to consider in construing the ambiguous order of October 2, 1979, and thus appellee failed to show that he was entitled to a judgment, as a matter of law, on his defense of *res judicata*. Rule 56(c), HRCP. The judgment in favor of appellee in Civil No. 69007 must therefore be reversed.

The March 22, 1983 order in Civil No. 46782, denying relief from the order determining priorities entered October 2, 1979, must also be reversed because, if the orders of January 24, 1979 and October 2, 1979 had the effect, as appellee contends, of terminating appellants' first mortgage lien, and foreclosing appellants from contesting the distribution of the proceeds to appellee, they were in direct violation of HRS § 667-3, and thus beyond the power of the court below. Section 667-3 specifically provides:

> *Proceeds, how applied.* Mortgage creditors shall be entitled to payment according to the priority of their liens, and not pro rata; and judgments of foreclosure shall operate to extinguish the liens of subsequent mortgages of the same property, without forcing prior mortgagees to their right of recovery. The surplus after payment of the mortgage foreclosed, shall be applied pro tanto to the next junior mortgage, and so on to the payment, wholly or in part, of mortgages junior to the one assessed.

From the transcript of the hearing on, and the memorandum in support of, appellee's motion for payment of all the proceeds to appellee, it is apparent that appellee's contention is that the court was not bound by the statute quoted above, because a default had been entered against the appellants.

Appellee, however, in his complaint in Civil No. 46782, had not claimed any priority with respect to proceeds against appellants for any reason, and had not prayed for priority *over appellants* with respect to the proceeds of any foreclosure sale. Thus no judgment for affirmative relief had been sought by appellee against appellants at the time the default against appellants was entered.

Rule 55(a), HRCP, expressly provides for the entry of a default only as to parties against whom a judgment for affirmative relief is sought. The clerk therefore had no authority to enter the default under the provisions of Rule 55(a), HRCP. Moreover, no default judgment against appellants under Rule 55(b), HRCP, was ever

sought. The erroneously entered default therefore did not have any effect on the clear and mandatory provisions of HRS § 667-3. Accordingly, appellants' mortgage lien should not have been terminated by the confirmation of the sale on July 24, 1978 unless appellants' priority over appellee, as to the proceeds, was preserved.

The court below denied appellants' Rule 60(b)(6), HRCP, motion on the ground that it was "untimely." Since that motion was not made pursuant to the provisions of Rule 60(b)(1), (2) or (3), the one-year limitation on bringing motions under those subsections provided for in Rule 60(b), HRCP, is not applicable.

We think the application for relief in this case was properly brought under Rule 60(b)(6), HRCP, for the reason that, while the court entering the order of October 2, 1979 had jurisdiction of the parties, and of the subject property, the order entered was, in the circumstances, beyond its power, because of HRS § 667-3. We also think that the application for relief, given the unusual facts in this case, was made within a reasonable time. Accordingly, we reverse the order denying relief under Rule 60(b)(6).

We consolidated these cases for purposes of appeal. They will remain consolidated on remand. On remand, the court below will vacate the order of October 2, 1979, entered in Civil No. 46782, and will determine priorities as to the sale proceeds as of October 2, 1979, in accordance with HRS § 667-3. In considering any claims with respect to interest between that date, and the date a judgment in the circuit court is entered, pursuant to our mandate, the court below may take into consideration any equities it finds have arisen as a result of the conduct of both former counsel for the appellants and the appellee, as well as any other facts which, under the law, it can consider on the issue of such interest. The court below will then enter a judgment specifying the proceeds to be paid to appellants, with the surplus, if any, to be retained by appellee, and otherwise complying with this opinion.

The judgment in Civil No. 69007 is affirmed with respect to parties other than appellee in whose favor judgment has entered, and reversed as to appellee. The order appealed from in No. 46782 denying the motion for relief, under Rule 60(b)(6), HRCP, from the order of October 2, 1979 is reversed. The cases are consolidated and remanded for further proceedings consistent herewith.

332

*Randall Y. C. Ching (Shigemura and Ching* of counsel) for appellants.

*Tamotsu Tanaka (Riccio M. Tanaka* on the briefs) for appellee.