**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000166
08-MAY-2025
01:20 PM
Dkt. 116 SO**

NO. CAAP-22-0000166
(CONSOLIDATED WITH CAAP-22-0000169)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NO. CAAP-22-0000166

CAROL GINOZA, President of Zen Properties, Inc.,
appointed property manager of the Estate of
Sheila Spencer Provost, also known as Sheila Spencer,
also known as Shayla Spencer Provost, Deceased,
Plaintiff/Counterclaim Defendant-Appellee,
v.
LINDA MOLINA,
Defendant/Counterclaimant-Appellant

(CIVIL NO. 1DRC-21-0006827)


AND


NO. CAAP-22-0000169

CAROL GINOZA, President of Zen Properties, Inc.,
appointed property manager of the Estate of
Sheila SpencerProvost, also known as Sheila Spencer,
also known as Shayla Spencer Provost, Deceased,
Plaintiff-Appellee,
v.
SEAN PRESCOTT,
Defendant-Appellant

(CIVIL NO. 1DRC-21-0006826)

APPEALS FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAIALUA DIVISION

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and McCullen, JJ.)

These consolidated appeals arise from two ejectment actions brought by Plaintiff/Counterclaim Defendant-Appellee Carol Ginoza (**Ginoza**), in her capacity as the court-appointed property manager for the Estate of Sheila Spencer Provost (**Estate**), seeking possession of certain property (**Property**) owned by the Estate. Defendant/Counterclaimant-Appellant Linda Molina (**Molina**) appeals from the following judgments entered in favor of Ginoza by the District Court of the First Circuit, Waialua Division[1] (**District Court**) in case number lDRC-21-0006827: (1) the March 18, 2022 Judgment for Possession; and (2) the June 30, 2022 Final Judgment.[2] Defendant-Appellant Sean Prescott (**Prescott**) appeals from the March 18, 2022 Judgment for Possession entered in favor of Ginoza by the District Court in case number lDRC-21-0006826.[3]

On appeal, Molina and Prescott (together, **Appellants**) contend that the District Court erred in: (1) granting summary judgment on Ginoza's complaints for ejectment and issuing judgments for possession "in spite of the numerous material facts being in dispute"; (2) granting summary judgment in favor of Ginoza on Counts I, II, III, and V of Molina's counterclaim "when there were numerous issues of material fact that were genuinely in dispute"; (3) "failing to afford [Appellants] an opportunity to complete discovery with respect to facts pertaining to

---

[1] The Honorable Summer Kupau-Odo presided.

[2] Molina also challenges the following orders entered by the District Court in lDRC-21-0006827: (A) the March 18, 2022 "Order Granting (1) [Ginoza's] Summary Judgment Motion Re: Possession, Filed February 18, 2022, and (2) [Ginoza's] Summary Judgment Motion re: Counterclaim, Filed February 18, 2022"; (B) the March 18, 2022 denial of Molina's Emergency Motion for Stay of Execution of Writ of Possession and Judgment for Possession; (C) the March 3, 2022 Court Order denying Molina's non-hearing motion for discovery; and (D) the March 3, 2022 Court Order denying Molina's non-hearing motion to compel production of documents and answers to interrogatories.

[3] Prescott also challenges the following orders entered by the District Court in lDRC-21-0006826: (A) the March 18, 2022 "Order Granting [Ginoza's] Summary Judgment Motion Re: Possession, Filed February 18, 2022"; (B) the March 18, 2022 denial of Prescott's Motion for Stay of Execution of Writ of Possession and Judgment for Possession; and (C) the March 16, 2022 Court Order denying Molina's non-hearing motion for discovery.

[Ginoza's] violations of her court-ordered third part[y] neutrality, and prejudicial conduct against [Appellants]"; (4) denying [Appellants'] March 13, 2022 motions for stay of execution of the March 18, 2022 Judgments for Possession and Writs of Possession; (5) granting Ginoza's motions for summary judgment on the complaints for ejectment, "when under Hawai['] i law the correct legal procedure to remove the Appellants . . . would have been using complaints for summary possession"; (6) granting Ginoza's motions for summary judgment on the complaints for ejectment "over the objection of All Our Children Together, Inc. [(**AOCT**)], one of the two potential beneficiaries of the Property"; and (7) "ignor[ing] the Appellants' allegations and evidence they submitted which establishes that [Ginoza] has been enabling Scott Swartz [(**Swartz**)] to loot the Property . . . ."

As a threshold matter, we note that Appellants' opening brief does not comply in material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). In particular, Appellants make numerous factual assertions and arguments without any supporting references to the record. See HRAP Rule 28(b)(4), (7). We are not obligated to search the record for information that should have been provided by Appellants. See Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Appellants' contentions as follows, and affirm.

(1) In points of error (1), (3), (5), (6), and (7), supra, Appellants contend that the District Court erred in several respects in granting Ginoza's February 18, 2022 Motions for Summary Judgment Re: Possession (**Possession MSJs**) on her ejectment complaints. The District Court explained its ruling as follows:

> The meaning of Judge Browning's order appointing [Ginoza] as the property manager does not raise a factual dispute.[4/]

---

[4/] On December 18, 2020, Circuit Court Judge R. Mark Browning entered an Order Appointing Third-Party Neutral Property Manager (**Property Manager**
(continued...)

3

> The plain language of that order authorizes [Ginoza] to manage the property, including removing people who have no right to be there.
>
> [Appellants] do not dispute they have no rental agreement with [Ginoza], they are not tenants, and have no right to possession of the premises. There is no genuine issue as to any material fact on the issue of possession and [Ginoza] is entitled to judgment as a matter of law. Therefore, the motions for summary judgment as to possession are granted in both cases.

(Footnote added.)

Point of Error (1)

In their first point of error, Appellants contend that the District Court erred in granting the Possession MSJs because Ginoza did not hold title to the Property. Relatedly, Appellants argue that the Property Manager Order gave Ginoza "a title with no enumerated powers" and did not "legally give [her] title to the Property[,]" thus rendering Ginoza without authority to eject Appellants.

To maintain an ejectment action, the plaintiff must (1) "'prove that he or she owns the parcel in issue,' meaning that he or she must have 'the title to and right of possession of' such parcel" and (2) "establish that 'possession is unlawfully withheld by another.'" Kondaur Capital Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 241, 361 P.3d 454, 468 (2015) (brackets omitted) (quoting State v. Magoon, 75 Haw. 164, 175, 858 P.2d 712, 718-719 (1993); Carter v. Kaikainahaole, 14 Haw. 515, 516 (Haw. Terr. 1902)).

Appellants' contention that Ginoza was required to prove that she had title to the Property lacks merit. Ginoza filed the ejectment actions on behalf of the Estate. It was undisputed that the Property belonged to the Estate. Moreover, Appellants do not cite, and we have not found, authority prohibiting a property manager or other agent from bringing an

---

[4/](...continued)
**Order**) in P. No. lCLP-20-0000321, a probate case regarding the Estate. The Property Manager Order provided, in relevant part:

> IT IS HEREBY ORDERED that Carol Ginoza, President of Zen Properties, (808) 919-4318, www.zenproperties.com, is appointed to serve as neutral third-party property manager of decedent's property . . . .

ejectment action on the property owner's behalf or otherwise requiring a property manager or agent to hold title to the subject property.[5] Thus, to the extent that Appellants contend that Ginoza herself was required to hold title to the Property, their argument fails as a matter of law.

Appellants also argue that because the Property Manager Order did not enumerate Ginoza's powers, she lacked "the legal right to eject the Appellants" from the Property. Not so. "Construction of legal documents such as contracts, deeds or . . . a court order entered in a different case, is a matter of law, but, where such a document is ambiguous, resort can . . . be had to facts, such as the record, including transcripts, etc. in the case in which the ambiguous order is entered, . . . which may be material in aiding the court in its interpretation of the document." Fujii v. Osborne, 67 Haw. 322, 329, 687 P.2d 1333, 1339 (1984). Here, the Property Manager Order states that Ginoza, as president of Zen, "is appointed to serve as neutral third-party property manager of" the Property. As the District Court correctly concluded, this language is not ambiguous. "The plain language of [the Property Manager O]rder authorizes [Ginoza] to manage the [P]roperty, including removing people who have no right to be there." There was no genuine issue of material fact as to Ginoza's authority to file the ejectment complaints.

Point of Error (5)

In their fifth point of error, Appellants contend that the District Court erred in granting the Possession MSJs because "under Hawai['}i law the correct legal procedure to remove Appellants . . . would have been using [complaints for] summary possession[,]" rather than for ejectment.

---

[5] To the contrary, the district court's forms suggest that it is common practice for a property owner's agent to bring an ejectment action. Specifically, the District Court of the First Circuit's ejectment complaint form (which Ginoza used) contains language asserting, inter alia: "Plaintiff is the owner or the agent for the owner of the premises." (Emphasis added.) See Complaint (Ejectment, Damages); Declaration; Exhibit; Summons (2023), https://www.courts.state.hi.us/wp-content/uploads/2016/03/1DC57.pdf.

Appellants' contention is based on the premise that Ginoza lacked authority to file ejectment actions, where she did not hold title to the Property. As discussed above, that premise is legally incorrect. Appellants' fifth point of error is therefore without merit.

Point of Error (6)

In their sixth point of error, Appellants contend that the District Court erred in granting the Possession MSJs "over the objection of [AOTC]." Appellants argue that under the Property Manager Order, "in the context of the [probate] proceedings," Ginoza was required "to act with neutrality regarding . . . the preferences and desires of AOCT, one of the two potential beneficiaries of the . . . Estate, and . . . Swartz, the other potential beneficiary[.]"

Appellants' argument is conclusory and relies on factual assertions without supporting references to the record. The point of error is thus deemed waived. See HRAP Rule 28(b)(4), (7). In any event, the District Court did not err in concluding that "the term [']neutral['] in Judge Browning's order means that [Ginoza] had no interest coming into the probate action."

Point of Error (7)

In their seventh point of error, Appellants contend that the District Court erred in "ignoring the Appellants' allegations and evidence . . . which establishes that [Ginoza] has been enabling . . . Swartz to loot the Property." This argument also relies in part on factual assertions without supporting references to the record. In addition, Appellants do not explain — or provide any legal authority revealing — how their looting allegations relate to the merits of the ejectment action, where the District Court ruled that Appellants "have no rental agreement with [Ginoza], they are not tenants, and have no right to possession of the premises." Their contention therefore lacks merit.

Point of Error (3)

In their third point of error, Appellants contend that the District Court erred by "den[ying] Appellants['] motions to conduct and complete discovery before the [c]ourt granted [the Possession MSJs]." Appellants argue that the requested discovery "will conclusively establish [Ginoza's] intentional failure to act with neutrality as the manager of the Property" and "will likely expose the level to which [Ginoza] was aware of, and possibly participat[ed] in the ongoing looting of the . . . Estate by Swartz . . . ."

Appellants do not point to where in the record they submitted affidavits pursuant to HRCP Rule 56(f) regarding the need for additional discovery. In any event, Appellants have not established that the District Court misconstrued the term "neutral" in the Property Manager Order or that their allegations of looting by Swartz relate to the merits of the ejectment actions. See supra. On this record, the District Court did not abuse its discretion in denying Appellants' discovery motions.

For these reasons, the District Court did not err in granting the Possession MSJs.

(2) In their second point of error, Appellants contend that the District Court erred in granting summary judgment in favor of Ginoza on Counts I, II, III, and V of Molina's counterclaim "when there were numerous issues of material fact genuinely in dispute regarding her claims against [Ginoza]." Counts I, II, III, and V of the counterclaim correspond to the following claims: (1) breach of court order to act as neutral property manager (Count I); (2) intentional infliction of emotion distress (**IIED**) and/or negligent infliction of emotion distress (**NIED**) (Count II); (3) violations of the Residential Landlord-Tenant Code, HRS § 521-53 (Count III); and (4) breach of agreement and invasion of privacy (Count V).

In granting summary judgment in favor of Ginoza on these claims, the District Court explained its ruling as follows:

> As to Count I, breach of court order to act as neutral property manager. The court finds there's no genuine issue of material fact. It's undisputed that defendant Molina is not a party to the probate action through which plaintiff

was appointed property manager. Plaintiff owes no duty to defendant Molina and the term neutral in Judge Browning's order means that plaintiff had no interest coming into the probate action. So the motion is granted as to Count I.

Moving on to Count II, intentional and negligent infliction of emotional distress. Starting with IIED, the defendant fails to allege intentional and outrageous conduct by the plaintiff that could support an IIED claim. As for NIED, defendant fails to sufficiently allege and provide any evidence of physical injury or mental illness or even a legal duty owed to the defendant Molina that would support an NIED claim. So the motion is granted on Count II.

Count III, again, no genuine issue of material fact. It's undisputed there is no rental agreement between the parties. So the motion is granted as to Count III.

Finally, as to Count V, breach of agreement an invasion of privacy. The court finds no genuine issue of material fact. Defendant Molina's country of citizenship is not confidential information. Her counterclaim also fails to state a claim for breach of contract or invasion of privacy. So the motion is granted as to counterclaim Count V.

As to Count I, Appellants argue that "the [D]istrict [C]ourt misinterpreted the [Property Manager Order], given the plain meaning of the words of the Order, and the legal and factual context existing at the time." Again, Appellants make factual assertions without supporting references to the record. They argue without supporting legal authority that "[Ginoza] had a legal duty to treat Appellants with neutrality." As discussed above, the District Court did not err in construing the term "neutral" in the Property Manager Order. Nor did the court err in granting summary judgment in favor of Ginoza on Count I of the counterclaim.

As to Count II, Molina argues that her IIED and NIED claims are supported by a series of allegations regarding the mistreatment of animals on the Property by Swartz and Ginoza. Molina's only reference to the record is to the counterclaim itself, which although verified, does not support several of the specific allegations made in the opening brief and, importantly, does not specify the nature of Molina's alleged emotional distress. The District Court did not err in concluding that Ginoza was entitled to judgment as a matter of law on Molina's IIED and NIED claims.

As to Count III, Molina argues that Ginoza violated HRS § 521-53, as alleged in her counterclaim, when on July 1, 2021,

Ginoza came up to Molina's front door accompanied by two Honolulu police officers without giving Molina prior notice. Molina makes a conclusory argument that she was a "legal tenant[] of the Property" without references to the record or supporting legal authority. The District Court did not err in concluding that Ginoza was entitled to judgment as a matter of law on Count III.

As to Count V, Molina argues that Ginoza breached an agreement with Molina not to disclose confidential information about her "country of citizenship." Molina again makes factual assertions without supporting references to the record, relying instead on general allegations in the counterclaim. The District Court did not err in concluding that Ginoza was entitled to judgment as a matter of law on Count V.

(3) In their fourth point of error, Appellants contend that the District Court erred and abused its discretion in denying their March 13, 2022 motions for stay of execution (**Stay Motions**) of the Judgments for Possession and Writs of Possession.

It appears that this issue is moot. After the District Court denied the Stay Motions, Appellants filed similar stay motions in this court. This court denied these motions on April 20, 2022, and Appellants' subsequent motions for reconsideration on April 28, 2022. On May 19, 2022, the supreme court denied Appellants' petitions for writ of mandamus and urgent motions for temporary stay of execution. Ginoza asserts that thereafter, "Appellants were ejected and are no longer in possession of the . . . Property." Appellants appear to concede that they were "ejected from the Property in May 2020 . . . ." In these circumstances, this court can provide no effective relief for any abuse of discretion by the District Court in denying the Stay Motions. See State v. Hewitt, 153 Hawaiʻi 33, 42, 526 P.3d 558, 567 (2023); Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (quoting Kemp v. State of Haw. Child Support Enf't Agency, 111 Hawaiʻi 367, 385, 141 P.3d 1014, 1032 (2006)).

In any event, having reviewed the relevant record, and having denied Appellants' substantially similar stay motions in this court, we conclude that Appellants failed to demonstrate

entitlement to a stay under the injunction standard, see Life of the Land, Inc. v. City Council of the City and Cnty. of Honolulu, 60 Haw. 446, 447, 592 P.2d 26, 27 (1979); Stop Rail Now v. DeCosta, 120 Hawaiʻi 238, 243, 203 P.3d 658, 663 (App. 2008), and failed to provide sufficient information which would have allowed the District Court to set a bond amount with the required certainty, see Kelepolo v. Fernandez, 148 Hawaiʻi 182, 191, 468 P.3d 196, 205 (2020).  The Circuit Court did not abuse its discretion in denying the Stay Motions.

For the reasons discussed above, we affirm the following judgments entered by the District Court of the First Circuit, Waialua Division:  in case number 1DRC-21-0006827, the March 18, 2022 Judgment for Possession, and the June 30, 2022 Final Judgment, and in case number 1DRC-21-0006826, the March 18, 2022 Judgment for Possession.

DATED:  Honolulu, Hawaiʻi, May 8, 2025.

On the briefs:

Leslie K. Iczkovitz
for Defendant/Counterclaimant-
Appellant Linda Molina and
Defendant-Appellant Sean
Prescott.

Scott C. Arakaki
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge